HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

Frank Rehder,

        Plaintiff,

   v.

Tanya Rehder,

        Defendant.

CASE NO. C14-cv-1242 RAJ

ORDER

## I. INTRODUCTION

This matter comes before the court on petitioner Frank Rehder's motion for temporary restraining order, which was filed on October 13, 2014. Dkt. #7. Respondent's opposition to the motion was due on October 16, 2014. *See* Local Civ. R. 65(b)(5) ("Unless the court orders otherwise, the adverse party must file its response, if any, within forty-eight hours after the motion is filed."); Local Civ. R. 7(b)(2)("[I]f a party fails to file papers in opposition to a motion, such failure may be considered by the court as an admission that the motion has merit.").

On October 17, 2014, the court held an initial hearing on the underlying Petition for the Return of Child (Dkt. #1) brought pursuant to the International Child Abduction Remedies Act ("ICARA"), 22 U.S.C. §§ 9001-9011, which implements the 1980 Hague Convention on the Civil Aspects of International Child Abduction (the "Convention").

ORDER- 1

Petitioner's counsel, Respondent's counsel and Respondent were present at this hearing. Petitioner participated by phone.

Despite Respondent's failure to respond to the motion for temporary restraining order within the time prescribed by the Local Rules, the court nevertheless allowed Respondent's counsel to present an oral proffer in response to the motion. For the reasons stated below, the court GRANTS the motion in part.

## II. BACKGROUND

Petitioner is the father of ARDR, a four-year-old boy. Dkt. # 5, ¶ 7. Respondent, Tanya Rehder, is ARDR's mother. *Id.*, ¶ 8. Mother and father were married in 2008 in New York City. *Id.*, ¶ 12. ARDR was born in Germany in 2010. *Id.*, ¶ 11. Petitioner resides in Germany and contends that Respondent has wrongfully removed ARDR from his state of habitual residence and is currently residing with him in this District. Petitioner seeks the return of his son to Germany. Dkt. # 1.

Respondent claims that the United States is ARDR's habitual residence and that she and her son merely took a "temporary short trip" to Germany from November 15, 2013 to December 5, 2013. Dkt. # 5, ¶ 15.

There is a Petition for Declaration Concerning Validity of Marriage pending in The Superior Court of Washington, County of Whatcom, Case No. 14-3-00373-1.[1] The Petition was filed by Respondent on May 16, 2014 and seeks, among other things, a custody determination regarding the child, ARDR. Superior Ct., Dkt. # 3. The Superior Court recently entered a restraining order prohibiting a change in the child's residence. Superior Court Dkt. # 4, p. 2.

---

[1] The court takes judicial notice of the existence of the state proceedings, available at: http://documents.whatcomcounty.us/weblink8/CustomSearch.aspx?SearchName=SCCaseSearch.

## III. ANALYSIS

**A.  Removal of the Child from Washington State.**

Petitioner requests an order prohibiting removal of the child from the State of Washington.  The court has already granted a more restrictive order, prior to the filing of Petitioner's motion.  *See* Dkt. # 6.  The order named the respondent only, but as set forth below, both parties are prohibited from removing the child from the Western District of Washington pending resolution of the petition.  Should either party violate this order, the court will consider a proper motion for contempt, including a proper request that the offending party be arrested by the United States Marshal.  *See* 22 U.S.C. § 9004(a) (the court "may take or cause to be taken measures under Federal or State law, as appropriate, to protect the well-being of the child involved or to prevent the child's further removal or concealment before the final disposition of the petition.").

**B.  State Court Proceedings.**

Petitioner requests that this court stay the proceedings relating to Respondent's concurrent Petition for Declaration Concerning Validity of Marriage pending in state court and Petitioner further requests that this court vacate the restraining order entered in that action because it prohibits a change in the child's "residence."  Petitioner argues that such an order is necessary to avoid a conflict among the state and federal courts.

The court is indeed authorized to enter such an order.  *See*, *Holder v. Holder*, 205 F.3d 854, 865 (9th Cir. 2002) ("Congress has expressly granted the federal courts jurisdiction to vindicate rights arising under the Convention. Thus, federal courts must have the power to vacate state custody determinations and other state court orders that contravene the treaty) (*quoting Mozes v. Mozes*, 239 F.3d 1067, 1085 n. 55 (9th Cir. 2001); *see also Silverman v. Silverman*, 338 F.3d 886, 894 (8th Cir. 2003).  However, the court declines to do so at this time.  The state court's restraining order does not create a direct conflict with any of this court's orders.  Both orders prohibit the removal of the

child from Washington and, in fact, this court's order is more restrictive (prohibiting removal of the child from the Western District). Additionally, should this court decide to return the child to Germany, it would not be bound by any state court custody determination. *See* Convention, art. 17 ("The sole fact that a decision relating to custody has been given in or is entitled to recognition in the requested State shall not be ground for refusing to return a child under this convention…").

**C. Temporary Visitation**

Petitioner requests an order allowing him to visit with his child for one week within the Western District of Washington.

The Hague Convention enacting legislation provides a statutory basis for such access rights. *See* 22 U.S.C. § 9003(b) (acknowledging that a person may initiate proceedings under the Convention "for organizing or securing the effective exercise of rights of access to a child…"); *see also Ozaltin v. Ozaltin*, 708 F.3d 355, 372 (2d Cir. 2013) ("The statutory basis for a federal right of action to enforce access rights under the Hague Convention could hardly be clearer."). Petitioner is required to establish that he has such rights by a preponderance of the evidence. 22 U.S.C. § 9003(e)(1)(B); *Ozaltin*, 708 F.3d at 372. The evidence submitted by the parties need not be authenticated. *See* 22 U.S.C. § 9005 ("no authentication of such application, petition, document, or information shall be required in order for the application, petition, document, or information to be admissible in court.").

Petitioner has submitted his own declaration claiming that he has shared custody of ARDR. Dkt. # 7-6. Petitioner has also provided a birth certificate for ARDR, which lists him as ARDR's father. Dkt. # 7-6. Additionally, he presented the declaration of Frau Dr. Kerstin Niethammer-Jurgens, an attorney admitted in Germany, who explained that under German law married couples enjoy joint custody of their children. Dkt. # 7-4. Finally, he presented declarations from his mother, a family friend, and the mother of his

1  first child, all of which indicated that Petitioner actively exercised his custody rights with
2  respect to ARDR. Dkt. ## 7-2, 7-3, 7-5.

3        Thus far Respondent has failed to present any evidence which shows that there is
4  any limitation on Petitioner's custody rights. At the hearing, Respondent's counsel did
5  not indicate that there was any allegation of abuse or potential harm to the child.
6  Although Respondent did not oppose daytime visitation, she did claim that the child did
7  not often spend time alone with his father overnight. Petitioner disputed this contention
8  and stated that Respondent traveled to the United Kingdom four times per year and
9  during those periods the child was left alone in his care. The parties then engaged in
10 discussions with the court regarding the logistics of a potential visitation schedule and
11 agreed to certain safeguards should the court enter such an order. Those safeguards
12 included, among other things, accommodation for the child's school and bedtime
13 schedule, drop-off of the child by the maternal grandparents at a neutral location,
14 surrender of the child's passports, and an exchange of contact information among the
15 parties.

16       Having reviewed the evidence and heard from the parties, the court finds that
17 Petitioner has established by a preponderance of the evidence that he shares custody of
18 ARDR. Accordingly, the court GRANTS the Petitioner's request for visitation and
19 orders Respondent to allow Petitioner access to ARDR beginning on October 30, 2014
20 and ending on November 6, 2014. As discussed at the hearing, this visitation will involve
21 numerous safeguards. Those safeguards are set forth in detail at the conclusion of this
22 order.

23 **D. Briefing Schedule, Hearing on Petition, and Presentation of Evidence.**

24       Petitioner requests an expedited hearing. The court GRANTS this request. As
25 agreed by the parties and the court, a hearing is set for November 7, 2014 at 9:00 a.m. in
26 the courtroom of the undersigned judge. Should either party wish to submit additional
27

briefing or evidence regarding the merits of the petition, such documents must be filed with the court no later than November 3, 2014.

Finally, Petitioner requests an order limiting third-party witness testimony to written declarations. Respondent does not oppose this request. Accordingly, Petitioner and Respondent are the only witnesses that will be permitted to testify in-person at the hearing.

## IV. CONCLUSION

For the reasons stated above, the court enters the following order:

- The request for an order prohibiting removal of the child from the State of Washington is denied as moot. As stated in the court's prior order and herein, neither party shall remove ARDR from the Western District of Washington pending resolution of the petition.
- The request to stay the state court action and vacate its orders is denied.
- The request for visitation is granted. Respondent shall allow Petitioner access to ARDR beginning on October 30, 2014 and ending on November, 6, 2014. The visitation is subject to the following conditions:
    - On Monday, October 20, 2014, Respondent shall file a notice with this court, identifying a neutral public location (e.g., the coffee shop suggested by Respondent at the hearing) in which the child can be dropped off to his father. Respondent shall ensure that this location remains open to the public until at least 7:00 p.m.
    - The child's maternal grandparents shall deliver the child to Petitioner at 3:00 p.m. on October 30, 2014 at the neutral location. Petitioner shall return the child to the neutral location at 7:00 p.m. that same day, at which time his

ORDER- 6

grandparents will pick him up.  The parties will follow this schedule daily throughout the visitation period, except for the weekend of October 31, 2014 through November 2, 2014.

- On October 31, 2014, the grandparents will drop off the child at the neutral location at 3:00 p.m. and Petitioner will be permitted to spend the weekend with the child.  Petitioner will return the child to the neutral location on November 2, 2014 at 7:00 p.m.
- On or before October 27, 2014, Petitioner must advise Respondent of the location in which he and the child will spend the weekend.  Petitioner and the maternal grandparents must also exchange mobile phone or other telephone numbers and provide each other with any additional contact information that may be helpful for the visitation period.
- The court has entered a separate order requiring Respondent to surrender all of the passports for the child to the intake clerk of this court.  Dkt. # 10.

- A hearing is set in this matter for November 7, 2014 at 9:00 a.m.  The purpose of this hearing is to determine the merits of the petition.  Any additional briefing or documentary evidence is due on November 3, 2014.  Petitioner and Respondent may testify in-person at the hearing.  Any third-party witnesses must submit written declarations.

Dated this 17th day of October, 2014.

*Richard A. Jones*

The Honorable Richard A. Jones
United States District Judge

ORDER- 7